An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF PAUL W. DRAKULICH, BAR NO. 2188.

No. 64346

IN THE MATTER OF THE DISABILITY OF PAUL W. DRAKULICH, BAR NO. 2188.

No. 66037

**FILED**

AUG 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF TRANSFER TO DISABILITY INACTIVE STATUS AND DISMISSING DISCIPLINARY PROCEEDING WITHOUT PREJUDICE

Bar counsel for the State Bar of Nevada and attorney Paul W. Drakulich have jointly petitioned this court for an order transferring Drakulich to disability inactive status (Docket No. 66037). Drakulich and his counsel have signed the joint petition. The parties have stipulated that Drakulich is presently incapacitated under the terms of SCR 117 from continuing to practice law and from adequately defending himself against pending disciplinary charges.

Having reviewed the petition and its attachment, we conclude that the relief requested in the joint petition is warranted under the circumstances. Accordingly, Paul Drakulich is transferred to disability inactive status. Drakulich may resume the active practice of law only after he has complied with SCR 117(4) and (5).

Docket No. 64346 is a petition by bar counsel, pursuant to SCR 111(4), stemming from Drakulich's plea of no contest to violating NRS 484.379 (substituted in revision by NRS 484C.110). SCR 117(2) requires that any pending disciplinary proceedings against an attorney be suspended when he is transferred to disability inactive status.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-25264

Accordingly, the proceeding in Docket No. 64346 is hereby suspended. However, in order to avoid this matter lingering indefinitely on this court's docket pending Drakulich's compliance with SCR 117(4) and (5), we conclude that judicial efficiency will be best served if Docket No. 64346 is dismissed without prejudice to the State Bar's ability to reinitiate such proceedings, if appropriate, upon Drakulich's reinstatement to the active practice of law. *Cf.* SCR 117(4). Further, any other disciplinary proceedings pending against Drakulich are suspended. SCR 117(2).

If he is able, Drakulich shall comply with SCR 115. SCR 117(7). If not, the state bar shall proceed under SCR 118. SCR 117(7). The state bar shall effect notice of this order as required under SCR 121.1. Bar counsel shall provide this court with proof that notice has been served.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]This constitutes our final disposition of these matters. Any new proceedings concerning Drakulich shall be docketed as a new and separate matter.

DOUGLAS and SAITTA, JJ., dissenting:

We dissent.

_____ , J.
Douglas

_____ , J.
Saitta

cc:   David A. Clark, Bar Counsel
      J. Thomas Susich, Chair, Northern Nevada Disciplinary Board
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Lemons, Grundy & Eisenberg
      Perry Thompson, United States Supreme Court Admissions Office